UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NICOLE BARBER, ALVIN GLASPER,
and UNNAMED PLAINTIFFS 1 through
10,000, inclusive,

        Plaintiffs,

vs.

BANK OF AMERICA, N.A., BAC HOME
LOAN SERVICING, L.P., f/k/a COUNTRYWIDE
HOME LOAN SERVICING, L.P., MORTGAGE
ELECTRONIC REGISTRATION SYSTEMS, INC.,
ORLANS & ASSOCIATES, P.C., and EQUATOR
FINANCIAL SOLUTIONS, INC.,

        Defendants.
_____/

Civil Action No.
11-cv-15449

PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

## OPINION AND ORDER DENYING PLAINTIFF'S EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER (Dkt. No. 18)

This matter is before the Court on Nicole Barber and Alvin Glasper's ("Plaintiffs") Emergency Motion for Temporary Restraining Order and Preliminary Injunction, filed April 4, 2012. (Dkt. No. 18.) Plaintiffs seek an order preventing Defendants from taking possession of property located at 4417 Kensington Avenue in Detroit, Michigan (the "property"), and evicting Plaintiffs from said premises. Plaintiffs filed the Complaint in this matter on October 20, 2011 alleging, inter alia, that the foreclosure and subsequent sheriff's sale of the property violated Michigan's foreclosure laws. (Dkt. No. 1.)

Federal Rule of Civil Procedure 65(b) empowers the Court to issue a temporary restraining

1

order only if "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant . . ." In determining whether to issue a temporary restraining order, the Court considers four factors: (1) the likelihood of Plaintiffs' success on the merits; (2) whether the injunction will save Plaintiffs from irreparable injury; (3) whether the injunction would harm others; and (4) whether the public interest would be served by the injunction. *In re DeLorean Motor Co.*, 755 F.2d 1223, 1228 (6th Cir. 1985).

Plaintiffs argue that they are likely to be successful on the merits because Defendants failed to comply with certain aspects of Michigan's foreclosure laws. The Court notes, however, that the property was sold at a sheriff's sale on April 20, 2011, and that Plaintiffs' right of redemption thus expired six months later, on October 20, 2011. M.C.L. § 600.3240(8). Michigan law provides that after the redemption period has expired, all right, title, and interest in a foreclosed property vests in the purchaser at the foreclosure sale. M.C.L. § 600.3236; *see also Piotrowski v. State Land Office Bd.*, 302 Mich. 179, 187 (1942) (holding that "plaintiffs did not avail themselves of their right of redemption in the foreclosure proceedings and at the expiration of such right . . . all plaintiffs' rights in and to the property were extinguished."); *Drew v. Kemp-Brooks*, 802 F. Supp. 2d 889, 894 (E.D. Mich. 2011) (Cohn, J.) (holding that plaintiff lacked standing to challenge a foreclosure sale after the redemption period expired, and that "the filing of [the] lawsuit did not toll the redemption period."). Accordingly, the Court finds that the first factor does not weigh in favor of granting Plaintiffs' requested relief.

Regarding the balancing of interests in factors (2) and (3), the Court finds that both factors weigh in favor of denying Plaintiffs' Motion. Although Plaintiffs will be evicted from the property, they have already lost all right, title, and interest in the property following the foreclosure sale and

expiration of the redemption period, as noted *supra*. Furthermore, granting an injunction would impinge the right of possession of the foreclosure sale purchaser.

Regarding factor (4), the Court finds that the public has an interest in allowing foreclosure purchasers to evict former owners who have defaulted on their mortgages and failed to exercise their right of redemption.

The Court therefore finds that Plaintiffs have failed to establish that any of the four *DeLorean* factors weigh in their favor. Accordingly, Plaintiffs' Motion is **DENIED**.

SO ORDERED.

Dated: 4-13-12
Detroit, Michigan

PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE